UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TIFFANY AVALOS and BLAKE AVALOS, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | C.A. NO. C-05-159 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXAS, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART AND GRANTING DEFENDANT'S MOTION TO BIFURCATE**

Pending before this Court is defendant's Motion for Summary Judgment (D.E. 36) and defendant's Motion to Bifurcate the Trial (D.E. 51). For the reasons discussed herein, the Court GRANTS defendant's Motion for Summary Judgment in part, DENIES defendant's Motion for Summary Judgment with prejudice in part, DENIES defendant's Motion for Summary Judgment without prejudice in part, and GRANTS defendant's Motion to Bifurcate the Trial.

**I.  Defendant's Motion for Summary Judgment**

Summary judgment is appropriate only where there is no genuine issue of material fact. Fed. R. Civ. P. 56. The Court may consider all pleadings, depositions, affidavits, and other evidence before it, and "[t]he evidence must be viewed in a light most favorable to the nonmovant." *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003). Under Rule 56(e), "an adverse party may not rest upon the mere allegations or denials of the adverse

party's pleading." Fed. R. Civ. P. 56(e). Instead, the adverse party "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Id*. After the adverse party has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the adverse party, the Court will grant summary judgment. *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

**A. Facts**

In resolving defendant's Motion for Summary Judgment, the Court views the alleged facts in the light most favorable to the plaintiffs. Plaintiffs Blake Avalos and Tiffany Avalos filed this 42 U.S.C. § 1983 lawsuit against the City of Corpus Christi ("the City") alleging that Corpus Christi police officers used excessive force when they arrested plaintiffs on April 30, 2004 outside the downtown nightclub Stingers. The Corpus Christi police were called to Stingers by off-duty police officers who were providing security services to the nightclub.

Plaintiffs Blake Avalos and Tiffany Avalos, who are siblings, further allege that they were part of a crowd of people that had congregated outside Stingers when the police officers arrived at approximately 2:00 a.m. Blake Avalos became involved in a verbal altercation. The police officers told Blake to move away from the shouting match, which he did (Blake Avalos deposition, D.E. 45, exh. 21, p. 30). As Blake was walking away, however, a police officer took him down to the ground and handcuffed him (*id*.). When Tiffany saw that her brother was being arrested, she approached him and asked for his car keys so that she would have transportation home (Tiffany Avalos deposition, D.E. 45,

exh. 22, p. 86).  The police officer arresting Blake initially told her to get back, but then got the car keys out of Blake's pockets and indicated that Tiffany should approach to get the keys (*id.*).  When Tiffany moved forward to get the keys a police officer took her down to the ground and placed her in handcuffs (*id.* at p. 86).  While she was in custody and being led away, officer James D. Lerma took Tiffany down to the ground a second time (James Lerma deposition, D.E. 45, exh. 23, p. 96).  This time her face struck the pavement resulting in serious injuries, including a broken jaw, fractured teeth, and lacerations to her lips and face (Spohn Hospital Operative Report for Tiffany Avalos, D.E. 45, exh. 19).  Blake Avalos suffered a laceration to his forehead that required several staples to close the wound (Blake Avalos deposition, D.E. 45, exh. 21, p. 30).

## B.  Discussion

Plaintiffs' 42 U.S.C. § 1983 claims against the City are for violations of their Fourth Amendment rights.  Plaintiffs assert claims for excessive force, false arrest, false imprisonment, and malicious prosecution.  "Municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom.  *Piotrowski v. City of Houston*,  237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Social Services*, 98 S.Ct. 2018, 2037 (1978)).  "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability."  *Id*. (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir.1984)).

### 1. Constitutional violations

Plaintiffs have presented sufficient summary judgment evidence to create a fact issue as to whether their Fourth Amendment rights were violated. Were a jury to believe plaintiffs' version of the facts, there is sufficient evidence to conclude that the officers did not have probable cause to arrest Tiffany Avalos and that her injuries were caused by excessive force. The plaintiffs have also presented sufficient summary judgment evidence from which a jury could find that Blake Avalos was subjected to excessive force and an unconstitutional seizure.

However, plaintiffs' malicious prosecution claim must be dismissed. The Fifth Circuit recently held that there is no "freestanding constitutional right to be free from malicious prosecution." *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir.2003). Furthermore, "the initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection--the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are not claims for malicious prosecution and labeling them as such only invites confusion." *Castellano,* 352 F.3d at 953-54. Plaintiffs have alleged 42 U.S.C. § 1983 claims for violations of their Fourth Amendment rights. There is no additional relief available to plaintiffs for a malicious prosecution claim.

**II.  Defendant's Motion to Bifurcate the Trial and the City's Municipal Liability**

Having found that plaintiffs have met their summary judgment burden and raised a fact issue as to whether their Fourth Amendment rights were violated, the Court grants defendant's once opposed but now unopposed Motion to Bifurcate the Trial.[1]  The Court has concluded that a separate trial of plaintiffs' alleged constitutional violations by Corpus Christi police officers would be "conducive to expedition and economy."  Fed. R. Civ. P. 42(b).  Therefore, the Court will conduct the trials of the issues in this case in two stages.  The first trial will be confined to the issue of whether or not the plaintiffs' constitutional rights were violated.  If the jury returns a verdict that either plaintiff's constitutional rights were violated, the same jury will then decide in a second trial whether or not the City is liable under 42 U.S.C. § 1983 for those constitutional violations.

## III.  Conclusion

The Court GRANTS defendant's Motion for Summary Judgment (D.E. 36) as to plaintiffs' malicious prosecution claim and DENIES defendant's Motion for Summary Judgment (D.E. 36) with prejudice as to the issue of whether plaintiffs suffered a violation of their constitutional rights at the hands of the Corpus Christi Police Department when they were arrested.  Furthermore, the Court GRANTS defendant's Motion to Bifurcate the Trial (D.E. 51), and DENIES defendant's Motion for Summary Judgment (D.E. 36) as to the issue of the City's municipal liability without prejudice to

---

[1] Defendant's Motion to Bifurcate was initially opposed by plaintiffs.  However, at the March 7, 2006 hearing on defendant's motion, plaintiffs' counsel indicated that there was no longer any opposition to bifurcation.

the defendant refiling a motion for summary judgment on that issue after the conclusion of the first stage of the trial.

ORDERED this   16   day of March, 2006.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE